IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY RAY BLACKWELL, 1428023,<br>Petitioner, | § § § | |
| v. | § | 3:11-CV-910-L |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner was charged with aggravated robbery. *State of Texas v. Tony Ray Blackwell*, No. F-0667343-M (194th Dist. Ct., Dallas County, Tex., Mar. 28, 2007). On March 28, 2007, the jury found Petitioner guilty and sentenced him to fifty-five years in prison. On October 15, 2008, the Fifth District Court of Appeals dismissed the appeal as frivolous. *Blackwell v. State*, No. 05-07-00764-CR, 2008 WL 4571823 (Tex. App. – Dallas 2008, pet. ref'd). On April 29, 2009, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1686-08.

On November 10, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Blackwell*, Application No. 73,436-02. On November 10, 2010, the Court of Appeals

Findings, Conclusions and Recommendation
of the United States Magistrate Judge     Page -1-

denied the petition without written order on the findings of the trial court.

On April 28, 2011, Petitioner filed this federal petition. He argues:

(1) He received ineffective assistance of counsel when counsel:

    (A) failed to request a lesser-included offense instruction;

    (B) failed to argue in closing that Petitioner used a toy gun in the offense;

    (C) failed to request a jury instruction on the statutory definition of "firearm";

    (D) failed to raise a Confrontation Clause objection to trial testimony;

(2) The cumulative effect of trial counsel's errors resulted in ineffective assistance of counsel;

(3) The appellate court erred in dismissing Petitioner's appeal as frivolous;

(4) The trial court denied Petitioner due process when it failed to *sua sponte* include the statutory definition of "firearm" in the jury charge; and

(5) The trial court denied Petitioner due process when it failed to adequately respond to a jury note during jury deliberations.

On August 25, 2011, Respondent filed his answer. On September 23, 2011, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

The complainant, Hector Solis, testified that on the morning of June 21, 2006, he stopped his truck at a traffic light on his way to work. (Trial Tr. Vol. 4 at 14-15.) Petitioner approached Solis and put a gun to his neck. (*Id*. at 16.) Petitioner then entered the truck while Solis escaped through the passenger side door and fled on foot. (*Id*. at 17-19.) As Solis fled, Petitioner drove after him while pointing the gun at Solis. (*Id*. at 19-20.) When another driver stopped to help

Solis, Petitioner ceased pursuit and drove away in Solis's truck. (*Id*. at 22-23.)

Detective Thompson with the Dallas Police Department testified that he received a tip from Chrystal Tondera, Petitioner's girlfriend, that Petitioner was involved in a robbery. (*Id*. at 60-61.) Petitioner was arrested and Solis's truck was recovered at a separate location. (*Id*. at 62-64.) Petitioner signed a written statement that stated:

> I had a toy gun under my shirt when I raised my shirt the Spanish man (sic). When he noticed it he ran out of his truck. I then took the truck and went to get a motel room at 175 & Buckner. Afterwards I parked the truck at Elam & 175.

(State's Ex. 2.)

Solis later identified Petitioner from a photo line-up. (Trial Tr. Vol. 4 at 74-78.) Outside the presence of the jury, Petitioner stated on the record that he did not want to testify at trial. (*Id*. at 85-88.)

### III. Discussion

**1. Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

**2.     Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(A)     Lesser-Included Instruction**

Petitioner argues his counsel was ineffective because he failed to argue that Petitioner was entitled to a jury instruction on the lesser-included offense of robbery because in his written statement to police, he stated the gun was a toy.

The records shows defense counsel requested the lesser-included offense instruction by arguing there was insufficient evidence to show Petitioner exhibited a gun. Defense counsel stated Detective Thompson took Complainant Solis in his patrol car to search for Petitioner and for Solis's truck, which supported a claim that they did not consider Petitioner to be armed. (Trial Tr. Vol. 4 at 89.) The trial court denied the motion. In denying the motion, the court stated: " I will deny that based on the complaining witness' testimony." (*Id*.) The complainant testified that Petitioner put a gun to his neck and told him to move over to the passenger side of the truck or he would shoot. (*Id*. at 15-17.) The complainant stated the gun was a "big pistol" and was heavy. (*Id*. at 18.) The complainant testified that after he escaped from the truck, Petitioner drove after him and pointed the gun at him by putting his arm outside the truck window. (*Id*. at 20.) He stated Petitioner drove away from the scene when cars stopped to help the complainant. (*Id*. at 22.)

Based on the trial court's denial of defense counsel's motion, Petitioner has failed to show a reasonable probability that the trial court would have granted the motion based on his alternative theory. He has failed to establish that the state court's denial of this claim was unreasonable.

**(B) Closing Arguments**

Petitioner argues his counsel was ineffective because he failed to argue in closing arguments that Petitioner used a toy gun in the robbery. On state habeas review, defense counsel submitted an affidavit stating that once the trial court denied their motion for the lesser-included offense of robbery, it became trial strategy to argue that the state failed to prove that a gun was used in the incident. *Ex parte Blackwell* at 42. Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). This claim should be denied.

**(C) Firearm Definition**

Petitioner argues his counsel was ineffective because he failed to request that the statutory definition of "firearm" in Chapter 46 of the Texas Penal Code be included in the jury charge. This definition, however, applies only to Chapter 46. *See* § 46.01. The aggravated robbery statute is found at § 29.03 of the Penal Code. The Texas Court of Criminal Appeals has held that it is improper to include the Chapter 46 definition of a firearm in a jury charge for aggravated robbery. *Garrison v. State*, 726 S.W.2d 134, 138 (Tex. Crim. App. 1987); *see also, Lee v. State*, 866 S.W.2d 298, 301 (Tex. App. – Ft. Worth 1993, pet. ref'd). This claim should be denied.

**(D) Confrontation Clause**

Petitioner argues his counsel was ineffective because he failed to object that Detective Thompson's testimony regarding statements made by Petitioner's girlfriend, Crystal Tondera, violated his right to confrontation. Detective Thompson testified that he received a tip from Tondera that Petitioner was involved in an aggravated robbery and that she gave him a credit card taken from the complainant. (Trial Tr. Vol. 4 at 61-62.) On state habeas review, defense

counsel responded to Petitioner's claim. Counsel stated that Tondera was in jail at the time of trial and was transported to the holdover cell just outside the courtroom. (*Ex parte Blackwell* at 42-43.) Counsel interviewed Tondera and her testimony "matched the basics of the complainant's" testimony. (*Id.*) Defense counsel therefore did not want to call Tondera as a witness or have the state call her. (*Id.*) Counsel therefore decided not raise a confrontation objection. (*Id.*) Petitioner has failed to show that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson*, 950 F.2d at 1065.

**(E)** **Cumulative**

Petitioner argues he received ineffective assistance of counsel due to the cumulative effects of his counsel's errors. As discussed above, Petitioner has failed to establish that his attorney's performance was deficient. This claim should be denied.

**3.** **Appellate Court**

Petitioner argues the appellate court committed error when it dismissed his appeal finding the appeal was frivolous. Respondent argues this claim is procedurally barred because Petitioner failed to raise the claim in state court.

The record shows that Petitioner argued in his PDR that the appellate court erred in dismissing his appellate claims as frivolous and without merit and that the decision was contrary to Supreme Court precedent. In his current petition, he argues the appellate court erred in dismissing his appellate claims under *Anders v. California*, 386 U.S. 738 (1967). The Court finds Petitioner's claims in his PDR sufficiently exhausted his current appellate court claims and the Court will therefore consider each appellate claim.

### (A) Jury Instruction

Petitioner argues the trial court erred when it denied defense counsel's motion for a jury instruction on the lesser-included offense of robbery. In a non-capital case, however, "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Creel v. Johnson*, 162 F.3d 385, 390-91 (5th Cir. 1998) (same). This claim should be denied.

### (B) Challenge for Cause

Petitioner argues the trial court erred when it granted the state's motion to exclude a veniremember for cause. The veniremember stated he could not convict a defendant based on the testimony of only one eye witness, even if all elements of the crime were proved beyond a reasonable doubt. (Trial Tr. Vol. 3 at 120-121.)[1] The juror's statements, therefore, show he was unable to follow the law. Petitioner has failed to show that the state court's decision to deny this claim was unreasonable.

### (C) Factual Insufficiency

Petitioner argues the evidence was factually insufficient to show that he used a deadly weapon. A factual insufficiency claim is a right granted by the Texas Constitution and is separate from the federal right to plead legal sufficiency of the evidence.[2] *Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002). Federal courts may issue writs of habeas corpus only on

---

[1] Petitioner's Memorandum states that two veniremembers were excluded on this basis. The record shows only one veniremember was excluded.

[2] The Texas Court of Criminal Appeals no longer recognizes a claim of factual insufficiency of the evidence, and now only considers the legal sufficiency of the evidence. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

the ground that the petitioner's rights under federal law have been violated. 28 U.S.C. § 2254(a). Factual insufficiency of the evidence is not a cognizable claim for federal habeas corpus relief. *Spencer v. Dretke*, 3:02-CV-1988-D, 2005 WL 696719 at *4 n.2 (N.D. Tex. March 23, 2005), *rec. adopted*, 2005 WL 955969 (N.D. Tex. Apr. 26, 2005).

**4.     Due Process**

Petitioner argues he was denied due process when the trial court failed to adequately respond to a note from the jury. The jury sent the judge a note stating: "We are in disagreement. Clarify, is a toy gun (not deadly) considered aggravated?" Clerk's Record at 27. The court responded: "You have all the law. Please continue your deliberations." Petitioner argues the court should have instructed the jurors on the definition of a firearm contained at § 46.01 of the Texas Penal Code. As discussed above, the Texas Court of Criminal Appeals has held that it is improper to include the Chapter 46 definition of a firearm in a jury charge for aggravated robbery. *Garrison*, 726 S.W.2d at 138; *see also, Lee*, 866 S.W.2d at 301. Petitioner's claim should be denied.

**5.   Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## RECOMMENDATION

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 27th day of February, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).