IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TONY RAY BLACKWELL, 1428023,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:11-CV-910-L** |
| § | |
| **RICK THALER, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Tony Ray Blackwell's ("Blackwell" or "Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed April 28, 2011, The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 27, 2013, recommending that Petitioner's habeas petition be denied and the action dismissed with prejudice.

On March 11, 2013, Blackwell filed objections to the Report, which were docketed on March 14, 2013. Blackwell contends that: (1) federal law requires inclusion of a lesser included offense if evidence from any source raises a suggestion that the lesser included offense might have been committed, and "the jury would have probably returned a different verdict" if given a lesser included offense instruction; (2) trial counsel's failure to argue in closing that Petitioner used a toy gun in the robbery was not reasonable strategy because "the record show[s] [that] counsels' [sic] affidavit stating his closing argument and theory of defense was based on the evidence that 'no one acted like petitioner had a gun'" (3) Petitioner has a constitutional right to not have his girlfriend's statement used against him at trial; (4) there is nothing in *Beck v. Alabama*, 447 U.S. 625 (1960), to indicate

that lesser included offense instructions apply only to capitol offenses; (5) the state's challenge for cause as to one potential juror was erroneously granted because it had used all ten of its peremptory challenges; (6) Petitioner has been denied due process under federal law because the state has failed to establish that he used a deadly weapon under the Texas Penal Code; and (7) the trial court's response to the jury note was incorrect and the magistrate judge's determination is at odds with *Taylor v. Kentucky*, 436 U.S. 478 (1978), and *United States v. Olano*, 507 U.S. 725 (1993), because the trial judge's omission of the statutory definition of deadly weapon tainted Petitioner's presumption of innocense and lowered the state's burden of proof, thereby denying him of due process. Pet.'s Obj. 2-7.

After having carefully reviewed and considered the pleadings, file, record in this case, Petitioner's objections, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Blackwell's objections, **denies** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 2nd day of April, 2013.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge