IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 1 6 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TONY RAY BLACKWELL, 1428023, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-910-L | |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Procedural Background

Before the Court is Petitioner's December 16, 2014, Motion to Reopen Pursuant to Federal Rule 60(b)(6). For the foregoing reasons, the Court recommends that the motion be construed as a successive petition under 28 U.S.C. § 2254 and that the petition be transferred to the Fifth Circuit Court of Appeals.

Petitioner was convicted in state court of aggravated robbery. *State of Texas v. Tony Ray Blackwell*, No. F-0667343-M (194th Dist. Ct., Dallas County, Tex., Mar. 28, 2007). On March 28, 2007, the jury found Petitioner sentenced him to fifty-five years in prison. On October 15, 2008, the Fifth District Court of Appeals dismissed the appeal as frivolous. *Blackwell v. State*, No. 05-07-00764-CR, 2008 WL 4571823 (Tex. App. – Dallas 2008, pet. ref'd). On April 29,

2009, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1686-08.

On November 10, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Blackwell*, Application No. 73,436-02. On November 10, 2010, the Court of Appeals denied the petition without written order on the findings of the trial court.

On April 28, 2011, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this case. On April 2, 2013, the district court denied the petition on the merits. On December 19, 2013, the Fifth Circuit Court of Appeals denied Petitioner's petition for certificate of appealability.

On December 16, 2014, Petitioner filed the instant motion to reopen. He challenges the "accuracy and integrity of the State Habeas Corpus findings," and argues that if the district court had accurately reviewed the state court's findings, the district court would have determined that Petitioner is entitled to relief. (Mot. Reopen at 1.)

**II. Discussion**

Although Petitioner filed this motion as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). Petitioner's motion attempts to assert claims attacking his state court judgment. His motion seeks an additional review of state court evidence, arguing that his habeas petition was improperly denied. Such a motion is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), and the Clerk's Office be directed to open a new civil suit (nature of suit 530) for the successive habeas petition.

Signed this 16 day of January, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).